IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| GARY L. QUIGG,<br><br>　　　　Petitioner,<br>vs.<br><br>SHERIFF JESSE SLAUGHTER,<br><br>　　　　Respondent. | Cause No. CV 25-66-GF-BMM<br><br>ORDER |

Petitioner Gary L. Quigg ("Quigg"), a former federal pro se prisoner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) At the time of filing, Quigg was incarcerated at the Cascade County Detention Center ("CCDC"). Quigg has since been released, *see* (Doc. 6), and as of September 2, 2025, Quigg is no longer in the custody of the Bureau of Prisons ("BOP").[1]

Quigg's initial filing claimed that he was wrongfully removed from a Halfway House in Great Falls, Montana, to the CCDC without notice or a hearing. (Doc. 1 at 2.) Quigg asserted that the removal was done in retaliation for grievances and a civil matter that he had filed. (*Id*. at 2, 6.) Quigg also claimed that the BOP had failed to give him credit toward his sentence for time served in

---

[1] *See*, Federal Bureau of Prisons Inmate Locator: https://www.bop.gov/inmateloc/ (accessed October 14, 2025).

1

custody before entering federal prison. (*Id*. at 6.) Quigg asked that the Court issue an order preventing his removal from the Court's jurisdiction and requested that the Federal Defender's Office be appointed to represent him. (*Id*. at 7.)

The Court explained that generally claimants must exhaust administrative remedies before proceeding under Section 2241 and directed Quigg to provide more information regarding the steps he had taken within the BOP to exhaust his available remedies. *See generally*, (Doc. 3.) Quigg was directed to explain the acts he had undertaken to present his claims administratively and to provide any and all documentation supporting his efforts. (*Id*.)

Quigg timely responded but essentially rehashed his prior claims. No documentation of exhaustion was provided. (Doc. 4.) Quigg subsequently requested this Court enter a preliminary injunction directing the CCDC to provide indigent defendants with legal materials. (Doc. 5.)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "The jurisdiction of federal courts is defined and limited by Article III of the United States Constitution. *Flast v. Cohen*, 392 U.S. 83, 94 (1968). Article III, § 2 of the Constitution requires a "case or controversy" for justiciability, meaning that an injury-in-fact has occurred. Throughout litigation an individual "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable

2

judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). A case or controversy must exist throughout all stages of the litigation. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). If at any time during the course of litigation a plaintiff ceases to suffer, or be threatened with, "an actual injury traceable to the defendant," and that is "likely to be redressed by a favorable judicial decision," the matter is moot. *Id.* at 7.

Quigg's petition and motion for preliminary injunction are both mooted by his release. Quigg does not challenge the validity of his underlying conviction. As the Court understands Quigg's initial filing, he requested release back to the halfway house and/or the community and sought additional credit for time previously served. Neither of these avenues of relief are available to him as he was released from federal custody on September 2, 2025. Thus, the Court is not capable of granting Quigg earlier release. *See, Brady v. U.S. Parole Com.*, 600 F. 2d 234, 236 (9th Cir. 1979); *Fendler v. United States Bureau of Prisons*, 846 F. 2d 550, 555 (9th Cir. 1988). Further, there is no indication that the alleged miscalculation of Quigg's sentence represents a situation "capable of repetition, yet evading review" and to which the doctrine of mootness would not apply. *See, Cox v. McCarthy*, 829 F. 2d 800, 803 (9th Cir. 1987). For these same reasons, Quigg's request that he be provided indigent legal supplies while incarcerated at CCDC is also moot.

**Conclusion/COA**

A certificate of appealability will not issue. Given that Quigg's filing is moot, he cannot show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2002).

Accordingly, **IT IS HEREBY ORDERED**:

1. Quigg's 28 U.S.C. § 2241 petition (Doc. 1) is DISMISSED as moot and a certificate of appealability is DENIED.

2. Quigg's motion for a preliminary injunction (Doc. 5) is DENIED as moot.

3. The Clerk of Court is directed to enter judgment and close this matter.

DATED this 15th day of October, 2025.

_____
Brian Morris, Chief District Judge
United States District Court